UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

## Application for Order Approving Employment

Case Name  MENSONIDES DAIRY, LLC     Case Number  18-01681-FLK11

Comes now the undersigned (Trustee/Debtor in Possession/Chairman of the Creditors' Committee) and applies to the court for an order approving the employment of Toni Meacham
(Appointee)
as Counsel, WITH  for the ( ☐ Trustee - ☑ Debtor in Possession - ☐ Creditors' Committee)
(Position) Co-Counsel, Steven H. Sackmann
in the above entitled estate.

For purposes of this application and verification and the disclosures contained herein, the term APPOINTEE shall include the named appointee, and if the named appointee is a law partnership or corporation or an accounting partnership or corporation, or is an attorney or accountant employed as a partner, member, or regular associate of a partnership or corporation, the named appointee and each member, partner or regular associate of such partnership or corporation.

Applicant and Appointee in making and verifying this application understand that appointee is a fiduciary to the estate or creditors' committee as appropriate, and is obligated to fully and candidly disclose all material facts relating to the employment and is obligated to timely disclose subsequently discovered material facts.

Your applicant makes the following representations under penalty of perjury and subject to 18 U.S.C. § 152:

1. That the specific facts showing the necessity for the employment are: Bankruptcy relief under Ch. 11 is required for debt reorganization. Debtor filed a Ch. 11 Petition on June 14, 2018.

2. That the reason for the selection of the above named appointee is: Appointee has represented the Debtor pre-petition and is familiar with its operation. Appointee is a qualified bankruptcy attorney.

3. That the professional services to be rendered are: All services required in representing Debtor in its Ch. 11 proceedings and any related adversary proceedings filed by or against Debtor.

4. That appointee is qualified to provide the services to be rendered based on the following: Appointee has experience in representing Debtors, creditors and other parties in interest in proceedings before this Court.

5. That any proposed arrangement as to compensation, including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or reimbursement of expenses will be in accordance with 11 U.S.C. §§ 329 and 330 and FRBP 2016: See Supplement No. 5A attached hereto which describes the terms under which Appointee has agreed to represent Debtor.

6. That appointee is a relative of the bankruptcy judge assigned the case.      ☐ YES  ☑ NO

7. (For Trustee or Debtor in Possession) That appointee does hold or represent an interest adverse to the estate, that appointee is not a disinterested person, or that appointee has served as examiner in the case.
   ☐ YES  ☑ NO   If YES, explain: _____

8. (For Creditors' Committee) That appointee is not and will not while employed by the committee represent any other entity having an adverse interest in connection with the case.
   ☐ YES  ☐ NO   If YES, explain: N/A

9. That to best of your applicants knowledge, all of the appointees connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee or the bankruptcy judge assigned the case are as follows:

   A. That appointee is a creditor as defined by 11 U.S.C. § 101(10).   ☐ YES  ☑ NO   If YES, complete the following:
      Date on any waiver, set-off or assignment: _____.

      Type of debt incurred:  _____       Payment made:        $ _____
      Date incurred:          _____       Date payment made:   _____
      Amount incurred:        $ _____     Amount of payment:   $ _____
                                            Remaining Balance:   $ _____

   B. That appointee is indebted to the debtor or to the estate?  ☐ YES  ☐ NO   If YES, complete the following:

*Type of debt incurred:* _____   *Payment made:* $_____
*Date incurred:* _____   *Date payment made:* _____
*Amount incurred:* $_____   *Amount of payment:* $_____
  *Remaining Balance:* $_____

C. That appointee has or presently represents an entity that could be classified as a creditor as defined by 11 U.S.C. § 101(10)? ☐ YES ☑ NO *If YES, provide the following and any other relevant information as to each such entity:*
a) name
b) dates, capacity and scope of representation
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given

D. That appointee is or has been an equity security holder as defined in 11 U.S.C. § 101(17)? ☐ YES ☑ NO *If YES, provide the following and any other relevant information as to such equity security interests:*
a) description of each interest
b) amount of each interest
c) dates each interest held
d) dates and manner of disposal of each interest

E. That appointee has or presently represents an equity security holder as defined by 11 U.S.C. § 101(17)? ☐ YES ☑ NO *If YES, provide the following and any other relevant information as to each such equity security holder:*
a) name of holder
b) dates, capacity and scope of representation
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

F. That appointee is or has been an insider as defined by 11 U.S.C. § 101(31)? ☐ YES ☑ NO *If YES, fully explain and provide any and all relevant information pertaining thereto.* _____

G. That appointee has or presently represents an insider as defined by 11 U.S.C. § 101(31)? ☑ YES ☐ NO *If YES, provide the following and any other relevant information pertaining thereto as to each such insider:*
a) name   See Supplement No. 9G attached.
b) dates, capacity and scope of representation
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

H. That appointee has or presently represents the debtor? ☑ YES ☐ NO *If YES, provide the following and any other relevant information pertaining thereto:*
a) name
b) dates, capacity and scope of representation   See Supplement No. 9H attached.
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given.

I. That appointee has had or has participated in any transaction with the debtor, whether or not such transaction involved representation of the debtor? Transactions include, but are not limited to any actions under 11 U.S.C. § 329(a) and FRBP 2017(a), involving payments, retainers, set-offs, security agreements, liens, gifts or indentures as defined by 11 U.S.C. § 101(28). ☑ YES ☐ NO *If YES, provide the following and any other relevant information concerning each such transaction:*
a) names of all parties involved
b) dates and description   See Supplement No. 9I attached.
c) amounts involved if applicable
d) reason for transaction

Application for Order Approving Employment    2

J. That appointee has received or has been promised compensation from debtor or some other entity for services rendered or to be rendered in the case? [✓] YES [ ] NO *If YES, provide the following and any other relevant information concerning each such payment or promise.*
   a) name of payor or promisor
   b) status of payor or promisor          See Supplement No. 9J attached
   c) relationship between debtor and payor or promisor
   d) date of payment or promise
   e) amount of payment or promise
   f) basis for payment or promise
   g) location or disposition of any monies received

K. That appointee has caused to be conducted an internal conflicts check in regard to representation of other clients as required by any code or rules of professional conduct? [✓] YES [ ] NO *If YES, state results, if NO, state why it was not done.* See Supplement No. 9K attached

Dated: 7-3-18

Mensonides Dairy LLC by: Art Mensonides, Member

Typed Name of Applicant

Signature of Applicant

I, the undersigned appointee, do hereby state under penalty of perjury that I have read the above representations and verify that they are true and accurate and that they disclose all material facts required to the best of my knowledge and belief.

Dated: July 2, 2018

TONI MEACHAM

Typed Name of Appointee

Phone #: (509) 488-3289

Address: 1420 Scooteney Road, Connell, WA. 99326

Signature of Appointee

EXHIBIT "A" - SUPPLEMENT

to

APPLICATION FOR APPROVAL OF EMPLOYMENT
(Mensonides Dairy, LLC)

### *Supplement No. 5A.:*

That any proposed arrangement as to compensation, including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or reimbursement of expenses will be in accordance with 11 U.S.C. §§329 and 330 and FRBP 2016:

### *ANSWER:*

| | |
|---|---|
| Steven H. Sackmann | $360/hour |
| Toni Meacham | $250/hour |
| Legal Staff | $85/hour |

The hourly rates sought to be approved in this case are customary for cases of this nature and complexity as well as rates customarily charged by counsel. Included in the consideration of setting rates are time and labor required, the novelty and difficulty of cases involved, as well as the skills required.

a. Attorneys' fees and legal staff fees shall be charged at the foregoing rates stated.
b. Costs and necessary disbursements are the Estate's ultimate responsibility, subject to Court approval, but will be advanced by Sackmann and Meacham. Costs may include but are not limited to:
    i. Filing fees;
    ii. Delivery fees;
    iii. Computer assisted legal research;
    iv. Copying;
    v. Long distance telephone charges;
    vi. Charges of outside experts and consultants (which may be billed directly to you); and
    vii. Travel
c. In addition to cash retainer, Attorney has been granted a Mortgage subordinate to Wells Fargo first mortgage on the Leavenworth property.

A detailed Retainer Agreement dated June 12, 2018, was entered into between Debtor and Sackmann and Meacham. A First Addendum to Retainer Agreement dated June 29, 2018, was entered into between Debtor and Sackmann and Meacham.

*Retainer*:
An initial retainer of $75,000 has been received by Sackmann and Meacham. As of the date of filing, $27,496.11 remains in Sackmann Trust.

*Supplement No. 9G:*
That appointee has or presently represents an insider as defined by 11 U.S.C. §101(31)?
YES
If YES, provide the following and any other relevant information pertaining thereto as to each such insider:
a) Name
b) Dates, capacity and scope of representation
c) Actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

*ANSWER:*
a) Art and Trijntje a/k/a Theresa Mensonides, Sole Members of Debtor
b) Sackmann: May 2017; June 2018 to present
b) Meacham: March 2018 to present
b) Sackmann and Meacham performed legal services regarding negotiation of debt restructure with Debtor's primary creditor, Northwest Farm Credit Services FLCA and PCA. In addition, Sackmann and Meacham have provided pre-bankruptcy representation regarding bankruptcy matters.
c) Appointees have run a check for conflicts of interest in accordance with their obligations under existing rules of professional conduct. The conflict check has not disclosed any actual or potential conflicts or relationships other than those described in Appointee's disclosures contained in Application for Employment. Appointee does not believe that any of their representation of Debtor constitutes an existing conflict with any current or former client of Appointees.

*Supplement No. 9H:*
That appointee has or presently represents the Debtor.
YES
If YES, provide the following and any other relevant information pertaining thereto:
a) Name
b) Dates, capacity and scope of representation
c) Actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

> *ANSWER:*
> a)     Mensonides Dairy, LLC
> b)     Sackmann:   May 2017; June 2018 to present
> b)     Meacham:   March 2018 to present
> b)     Sackmann and Meacham performed legal services regarding negotiation of debt restructure with Debtor's primary creditor, Northwest Farm Credit Services FLCA and PCA. In addition, Sackmann and Meacham have provided pre-bankruptcy representation regarding bankruptcy matters.
> c)     Appointees have run a check for conflicts of interest in accordance with their obligations under existing rules of professional conduct. The conflict check has not disclosed any actual or potential conflicts or relationships other than those described in Appointee's disclosures contained in Application for Employment. Appointee does not believe that any of their representation of Debtor constitutes an existing conflict with any current or former client of Appointees.

*Supplement No. 9I:*
That appointee has had or has participated in any transaction with the debtor, whether or not such transaction involved representation of the debtor? Transactions include but are not limited to any actions under 11 U.S.C. §329(a) and FRBP 2017(a), involving payments, retainers, set-offs, security agreements, liens, gifts or indentures as defined by 11 U.S.C. §101(28).
YES
If YES, provide the following and any other relevant information concerning each such transaction:
a)     Names of all parties involved
b)     Dates and description
c)     Amounts involved if applicable
d)     Reason for transaction

> *ANSWER:*
> a)     Mensonides Dairy, LLC
>         Art and Trijntje a/k/a Theresa Mensonides
> b)     Sackmann:   May 2017; June 2018 to present
> b)     Meacham:   March 2018 to present
> c)     In consideration for performed by Sackmann and Meacham, Debtor has been billed as follows:

*Sackmann:*

| Date Billed | Amount Billed | Date Paid |
|---|---|---|
| 7/26/2017 | $564.50 | 7/26/2017 |
| 6/14/2018 | $44,003.89 | 6/14/2018 |

*Meacham*:

| Date Billed | Amount Billed | Date Paid |
|---|---|---|
| 3/10/2018 | $500.00 | 3/18/2018 |
| 4/8/2018 | $600.00 | 4/18/2018 |
| 6/9/2018 | $750.00 | 6/14/2018 |
| 6/14/2018 | $2,750.00 | 6/14/2018 |

In addition, Sackmann and Meacham received a retainer of $75,000 for the purposes of preparing for and filing this Chapter 11 Bankruptcy petition. The retainer was paid by Debtor on June 9, 2018.

On June 14, 2018, and prior to filing of the Chapter 11 proceeding, a payment of $44,003.89 was withdrawn and paid to Sackmann from the $75,000 retainer. This payment was made to cover a portion of the invoice for pre-petition work performed by Sackmann during the period June 2018 through the date of filing.

On June 14, 2018, and prior to filing of the Chapter 11 proceeding, a payment of $3,500 was withdrawn and paid to Meacham from the $75,000 retainer. This payment was made to cover a portion of the invoice for pre-petition work performed by Meacham during the period April 2018 through the date of filing.

As such, as of the time of the filing of the petition, the Sackmann Trust account balance on the retainer was $27,496.11.

*Supplement No. 9J*:
That appointee has received or has been promised compensation from debtor or some other entity for services rendered or to be rendered in the case.
YES
If YES, provide the following and any other relevant information concerning each such payment or promise:
a) Name of payor or promisor
b) Status of payor or promisor
c) Relationship between debtor and payor and promisor
d) Date of payment or promise
e) Amount of payment or promisor
f) Basis for payment or promise
g) Location or disposition of any monies received

    *ANSWER:*
    a) Mensonides Dairy, LLC
    b) Limited Liability Company
    c) Same

|   |   |   |   |
|---|---|---|---|
| d) | Sackmann: | $564.50; 7/26/2017 |   |
|   |   | $44,003.89; 6/14/2018 |   |
| d) | Meacham: | $500.00; 3/18/2018 |   |
|   |   | $600.00; 4/18/2018 |   |
|   |   | $750.00; 6/14/2018 |   |
|   |   | $2,750; 6/14/2018 |   |

e) See Answer (d) above
f) and
g) Attorney services at $360/hour (Sackmann) and $250/hour (Meacham) and balance of retainer of $27,496.11 held in Sackmann Trust account

### Supplement No. 9K:
That appointee has caused to be conducted an internal conflict check in regard to representation of other clients as required by any code or rules of professional conduct.
YES
If YES, state results if no, state why it was not done.

### ANSWER:
Appointees have run a check for conflicts of interest in accordance with their obligations under existing rules of professional conduct. The conflict check has not disclosed any actual or potential conflicts or relationships other than those described in Appointee's disclosures contained in Application for Employment. Appointee does not believe that any of their representation of Debtor constitutes an existing conflict with any current or former client of Appointees

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re: )
) Case No. 18-01681-FLK11
MENSONIDES DAIRY, LLC )
) **ORDER APPROVING EMPLOYMENT**
) **UNDER 11 U.S.C. §327 BY TRUSTEE/**
Debtor(s) ) **DEBTOR-IN-POSSESSION**

This matter having come on regularly for hearing on the application of trustee/debtor-in-possession, the court being fully advised in the premises, no adverse interest being represented and the appointment not being prohibited by Rule 5002:

IT IS HEREBY ORDERED

1. That the employment of TONI MEACHAM as Co-Counsel for trustee/debtor-in-possession is approved subject to the terms and conditions set forth in the application and 11 U.S.C. §328.

2. That any actual award of compensation is subject to further order of the court, pursuant to 11 U.S.C. §330.

///End of Order///

Presented by:
Toni Meacham
(Signature/address/phone)
1420 Scooteney Road
Connell, Washington 99326
(509) 488-3289

ORDER APPROVING EMPLOYMENT UNDER 11 U.S.C. §327 - 1