So Ordered.

Dated: August 16th, 2019



Frank L. Kurtz
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: | |
| MENSONIDES DAIRY, LLC, | Case No. 18-01861-FLK11 |
| ART & THERESA MENSONIDES, | Case No. 18-01863-FLK11 |
| Debtors. | **FINDINGS OF FACT & CONCLUSIONS OF LAW RE: CONFIRMATION OF CHAPTER 11 PLAN OF REORGANIZATION** |



**FINDINGS OF FACT & CONCLUSIONS OF LAW**

-1-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

This matter came on for hearing on August 14, 2019 on the request of Mensonides Dairy, LLC and Art & Theresa Mensonides (collectively **"Debtors"**) for confirmation of the Debtors' proposed 1st Amended Plan of Reorganization (**"Plan"**) ([Docket No. 479]. The Court has considered the Declaration of Art Mensonides as well as any testimony elicited or proffered without objection at the confirmation hearing. No party in interest has filed a formal objection to confirmation of the Plan. Based upon the evidence, the Court hereby finds and concludes as follows:

I.   *Findings of Fact*

1. The Debtors gave proper notice of their Plan and the hearing on confirmation of the Plan to creditors and parties in interest as required by FRBP 2002, LBR 2002-1 and LBR 3018-1 as well as other applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. Proof of service of such notice has been filed with the Court (Docket No. 410, Docket No. 481].

2. The following classes of claims are impaired under the Plan:

| | |
|---|---|
| Class 3: | Priority Claim of the Internal Revenue Service |
| Class 4.1: | Secured Claim of Northwest Farm Credit Services FLCA: |

FINDINGS OF FACT &
CONCLUSIONS OF LAW          -2-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 2 of 15

| | |
|---|---|
| Class 4.2 | Secured Claim of Northwest Farm Credit Services, PCA |
| Class 5: | Secured Claims OF Ag Country Farm Credit Services |
| Class 6: | Secured Claim of AgCo Finance, LLC |
| Class 7: | Secured Claims of Balboa Capital |
| Class 8: | Secured Claims of John Deere Construction & Forestry Company |
| Class 9: | Secured Claims of Northland Capital Financial Services |
| Class 10: | Unsecured Claims |
| Class 11: | Secured Claims of Wells Fargo Home Mortgage |
| Class 12: | Contingent Unsecured Claims |
| Class 13: | Contingent Priority Claims |
| Class 14: | Administrative Convenience Unsecured Claims |

3. The Debtors have properly filed a Report of Balloting and Ballot Summary in each of their cases. The Report of Balloting and Ballot Summaries indicate that:

    3.1    Classes 4.1 and Class 4.2 have voted in favor of the Plan;

    3.2    Classes 3, 5, 6, 7, 8, 9, 11 and 14 did not vote for or against the Plan;

    3.3    Class 10 has voted in favor of the Plan;

    3.4    Class 12 and Class 13 have voted to reject the Plan.

**FINDINGS OF FACT & CONCLUSIONS OF LAW** -3-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 3 of 15

4. No ballots other than those identified in the Report of Balloting and Balloting Summary have been received by the Debtors.

5. One Hundred Percent of the creditors casting votes in Class 4.1, Class 4.2, and Class 10 voted in favor of the Plan. One Hundred Percent of the creditors casting votes in Class 12 and Class 13 voted to reject the Plan.

6. The Plan has been accepted in writing by at least one non-insider class of impaired creditors, as required by 11 U.S.C. §1129(a)(10).

7. Subject to the changes in the Plan with respect to Class 13 creditors, as described below, the Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

8. Paragraph 2.15(d) of the Plan is amended to read as follows:

> **(d) Treatment**. Any Class 13 Claimant that fails to file a proof of claim against the Debtors on or prior to the Class 13 Bar Date shall be barred from asserting a Class 13 Claim against the Debtors and such claims shall be automatically discharged upon confirmation of the Debtors' Plan. With respect to timely filed Class 13 Claims, the Debtor shall have ninety (90) days from the Effective Date in which to object to such Class 13 Claims **("Objection Period")**. If the Debtor fails to file an objection to a Class 13 Claim within the Objection Period that Class 13 Claim shall be paid in cash within five (5) days after the expiration of the Objection Period. If the Debtor files an objection to a Class 13 Claim within the Objection Period, the Debtor shall seek to have the Bankruptcy Court

FINDINGS OF FACT &
CONCLUSIONS OF LAW -4-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 4 of 15

determine the allowance and amount of such Class 13 Claim. To the extent that: (a) the Bankruptcy Court enters a final order holding that a particular Class 13 Claim is allowed; or (b) the Debtor and the applicable Class 13 Claimant agree that the Class 13 Claimant has an allowed Class 13 Claim, then such Claimant shall be paid, in cash, on account of their Allowed Class 13 Claim within fourteen (14) days of the allowance of such Class 13 Claims. The Debtors shall retain all of their rights, claims and defenses against the Class 13 Claimants including the right to assert counterclaims, rights of offset and claims for sanctions. Any untimely or disallowed Class 13 Claims shall be discharged pursuant to the Plan.

Such changes are necessary in order for the Plan to comply with 11 U.S.C. §1129(a)(9)(B)(ii).

9. No creditor or party in interest has objected to confirmation of the Plan. Pursuant to FRBP 3020(b)(2), the Court finds the Plan has been proposed in good faith and not by any means forbidden by law.

10. All payments made or promised by the Debtors under the Plan for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court. No party is issuing securities or acquiring property under the Plan.

FINDINGS OF FACT & CONCLUSIONS OF LAW -5-



BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 5 of 15

11. Prior to filing of the Debtors' bankruptcy petitions, Mensonides Dairy, LLC was owned one hundred percent (100%) by Art & Theresa Mensonides. The reorganized debtor will be owned one hundred percent (100%) by Art & Theresa Mensonides after confirmation (See Treatment of Class 16 Claim at pg. 51 of Plan).

12. After confirmation, the reorganized debtor intends to continue employing the insiders who are described in <u>Exhibit 5</u> to the Debtors' approved 2nd Amended Disclosure Statement. The compensation for such insiders is disclosed and governed by paragraph 3.6 of the Plan.

13. With respect to each impaired class of claims described in the Plan, the Plan will pay such claimants one hundred percent (100%) of the principal balance of such claims, with interest, over time, as more specifically described in the Plan.

14. The Debtors have prepared a liquidation analysis, which is attached to the Debtors' approved 2nd Amended Disclosure Statement. The liquidation analysis demonstrates that in the event the Debtors were liquidated, as opposed to reorganizing pursuant to the terms of the Plan, that creditors in

**FINDINGS OF FACT &
CONCLUSIONS OF LAW** -6-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 6 of 15

Classes 4.1 – Class 14 would, more likely than not, receive less than one hundred percent (100%) of the amount of their allowed claims.

15. The Court finds that creditors in Classes 4.1 - 14 will receive more under the Debtors' Plan than they would receive if the Debtors were liquidated pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

16. Administrative Claimants in Classes 1 & 2 will be paid in cash either: (a) upon the Effective Date of the Plan (unless any particular Claimant agrees upon a different or less favorable treatment); or (b) upon approval of such administrative claimants' fees and costs as required by applicable Bankruptcy law. Such treatment complies with the requirements of 11 U.S.C. §1129(a)(9)(A).

17. Class 3 Priority Tax Claims will be paid in cash within one hundred twenty (120) days of the Effective Date. Such treatment complies with the provisions of 11 U.S.C. §1129(a)(10) as such claims will be paid in full in cash within five (5) years of the order for relief in this case. The treatment afforded to Class 3 is more favorable than the payment of claims of unsecured creditors.

FINDINGS OF FACT &
CONCLUSIONS OF LAW                -7-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 7 of 15

18. With respect to Class 13 Contingent Priority Claims, the Plan complies with 11 U.S.C. §1129(a)(9)(B)(ii) because it provides for full payment of such Class 13 claims in cash if such Class 13 claimants are able to establish the validity of their claims.

19. Other than Class 1 & 2 Administrative Creditors and Class 3 Tax Claims and Class 13 Contingent Priority Claims, the Debtors do not have any creditors with claims pursuant to 11 U.S.C. §507(a).

20. The Debtors' approved 2nd Amended Disclosure Statement describes the Debtors' proposed operations under the Plan. No creditor or party in interest has objected to the feasibility of the Debtors' projected operations under the Plan. The Court finds that it is more likely than not that: (a) the Debtors' Plan is feasible; and (b) confirmation of the Plan will not be followed by a liquidation of the Debtors. The feasibility of the Debtors' Plan is further supported by the Debtors' operations during the course of the case (as evidenced by the Debtor's monthly operating statements on file with the Court).

21. Classes 1, 2, 13 (after the changes described in paragraph 8, above), 15 and 16 are unimpaired or not entitled to vote on the Plan.



FINDINGS OF FACT &
CONCLUSIONS OF LAW            -8-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

22. The Debtors are current in the payment of the quarterly fees payable to the United States Trustee. The Plan provides for the payment of all United States Trustee fees payable under 28 U.S.C. §1930.

23. All payments to insiders of the Debtors during the course of the case have been disclosed.

24. Classes 5, 6, 7, 8, 9, 11 **("Non-Voting Classes")** have neither accepted nor rejected the Plan. As a result, the Plan does not comply with 11 U.S.C. §1129(a)(8). The Non-Voting Classes are secured creditors. The Court finds that the treatment of the Non-Voting Classes under the Plan is fair and equitable for the following reasons:

    24.1 The Plan provides that creditors in the Non-Voting Classes will retain any security which secures such creditors' claims until such claims have been paid in full;

    24.2 The Plan provides for the payment of one hundred percent (100%) of the principal amount of such claims in the Non-Voting Classes over time; and

24.3 The Plan provides for interest payments to holders of claims in the Non-Voting Classes until such claims have been paid in full in accordance with the terms of the Plan.

25. Class 14 did not vote on the Plan. Class 14 is a convenience class which allows creditors with allowed unsecured claims to elect to be treated as a member of Class 14. A creditor may only be included in Class 14 if it elects to, which is equivalent to accepting the treatment proposed in the Plan. As a result the Plan complies with 11 U.S.C. §1129(a)(8) with respect to such Class 14 Claimants.

26. The Effective Date of the Plan is the first business day following the date on which the Confirmation Order becomes a final non-appealable order.

27. Substantial Consummation of the Plan will occur upon the making of the first payment to a creditor in Class 3 – Class 14 according to the terms of the Plan.

FINDINGS OF FACT &
CONCLUSIONS OF LAW      -10-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 10 of 15

*II.    Conclusions of Law*

Based upon the foregoing findings of fact, the pleadings filed in this case and the testimony and other evidence provided at the confirmation hearing, the Court concludes that:

A.    The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1129 have been met.

B.    The Plan should be confirmed.

C.    To the extent that the above entered findings of fact are, in fact, conclusions of law, such findings are hereby incorporated into these conclusions of law and should be denominated as such.

D.    The provisions of Chapter 11 have been complied with and the Plan has been proposed in good faith and not by means forbidden by law.

E.    Any and all payments for which Bankruptcy Court approval is required, including authorization required by 11 U.S.C. §§327 and 330, shall remain subject to Bankruptcy Court approval notwithstanding confirmation of the Plan.



F. The Debtors have disclosed the identity and affiliations of all parties who are to serve as officers and directors under the Plan. The Debtors have disclosed the identity of all insiders who will be paid a salary or consulting fees under the Plan. The Debtors' disclosures satisfy the requirements of 11 U.S.C. §1129(a)(5).

G. No governmental regulatory commission is required to approve the Plan or the terms of the Plan.

J. The Debtors' Plan satisfies the requirements of 11 U.S.C. §1129(a)(7) in that each impaired class that has not accepted the Plan will receive value, as of the Effective Date of the Plan, that is not less than the amount such claimant would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

K. The only Classes entitled to vote on the Plan who have not accepted the Plan are the Non-Voting Classes. However, the Plan is fair and equitable with respect to the treatment of the Non-Voting Classes pursuant to 11 U.S.C. §1129(b)(2)(A). As a result, the Plan can be confirmed notwithstanding the provisions of 11 U.S.C. §1129(a)(8).

FINDINGS OF FACT &
CONCLUSIONS OF LAW        -12-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

L. Administrative & Priority Claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(a)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

M. At least one impaired class of claims has accepted the Plan and the Plan therefore meets the requirements of 11 U.S.C. §1129(a)(10).

N. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors.

O. The Effective Date of the Plan will be the first business day following the date on which the Confirmation Order becomes a final non-appealable order.

P. The Debtors are authorized and directed to begin consummation of the Plan on the Effective Date, including through the execution, ratification, and implementation of all loan and security documents authorized or contemplated by the Plan.

Q. Substantial Consumation of the Plan will occur upon the making of the first payment to a creditor in Class 3 – Class 14 according to the terms of the Plan.

FINDINGS OF FACT & CONCLUSIONS OF LAW -13-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 13 of 15

R. Creditors and parties in interest were given proper notice of the confirmation hearing.

S. No objections to confirmation of the Plan were filed. The potential objection to confirmation of Class 13 Contingent Priority claimants has been resolved by modifying paragraph 2.15(d) of the Plan in the manner provided in Finding 8, above.

/ / / End of Order / / /

Presented By:


/s/ Steven H. Sackmann
_____
STEVEN H. SACKMANN, #00618
Attorney for Debtor
PO Box 409 - 455 E. Hemlock, #A
Othello, Washington 99344
Counsel for Mensonides Dairy, LLC

FINDINGS OF FACT &
CONCLUSIONS OF LAW                -14-

BAILEY BUSEY
411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

18-01681-FLK11    Doc 498    Filed 08/16/19    Entered 08/16/19 15:33:49    Pg 14 of 15

/s/ Toni Meacham
_____
TONI MEACHAM, WSBA #35068
Attorney for Debtor
1420 Scooteney Road
Connell, Washington 99326
Counsel for Mensonides Dairy, LLC


/s/ Roger W. Bailey
_____
ROGER W. BAILEY, WSBA #26121
Attorney for Debtors
411 North 2nd Street
Yakima, Washington 98901
Counsel for Individual Debtors


\\Diane-PC1\E\USB 3.0 PC Card Adapter\MENSONIDES, A-491\Bankruptcy-2018112\Plan Issues\Findings of Fact & Conclusions of Law - 081219 - v.1.doc



FINDINGS OF FACT &
CONCLUSIONS OF LAW         -15-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282